# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CORY BLAKE WEST,<br><br>Plaintiff,<br>vs.<br><br>TYSON FOODS, INC., RICK LIPAI, and RICARDO PEREZ,<br><br>Defendants. | No. C 15-4052-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

_____

Plaintiff Cory Blake West was granted leave to proceed *in forma pauperis* on July 15, 2015, *see* Order (docket no. 4), and his *pro se* Complaint was filed on July 15, 2015. In his Complaint, West asserts claims against his former employer, defendant Tyson Foods, Inc., and individual Tyson employees Rick Lipai and Ricardo Perez for hostile environment sexual harassment based on sexual orientation and retaliation for complaints of sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and IOWA CODE CH. 216. Pursuant to an Order (docket no. 7), filed July 15, 2015, officers of the court were directed to issue and serve all process in this case. On August 10, 2015, the defendants jointly filed an Answer (docket no. 9), denying West's claims.

This case is now before me on West's August 14, 2015, *pro se* Motion For Summary Judgment (docket no. 10), in which West asserts that the defendants failed to answer or take other action within 30 days after he served notice of his suit. In essence, he seeks default judgment for failure to answer. In their August 31, 2015, Resistance To Plaintiff's Motion For Summary Judgment (docket no. 12), the defendants assert that they timely filed their Answer to West's Complaint on August 10, 2015, after being

properly served with a Summons on July 20, 2015. Thus, the defendants contend that there is no basis for a default judgment against them.

Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (emphasis added); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."); *see generally Celotex Corp. v. Catret*t, 477 U.S. 317, 323-24 (1986). Thus, "[t]he movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*) (quoting *Celotex*, 477 U.S. at 323). In response, "[t]he nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). The court must then decide whether, taking the record in the light most favorable to the non-moving party, there are genuine issues of material fact for a jury to decide. *Id*. at 1042-43. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 776 (8th Cir. 2012). However, summary judgment is particularly appropriate when only questions of law are involved, rather than factual issues that may or may not be subject to genuine dispute. *See, e.g., Cremona v. R.S. Bacon Veneer Co.*, 433 F.3d 617, 620 (8th Cir. 2006).

As mentioned above, West's Motion For Summary Judgment is, in essence, a motion for default judgment. I have previously summarized the procedure under Rule

55 for obtaining the entry of a default and a default judgment. *See Hayek v. Big Bros./Big Sisters of Am.*, 198 F.R.D. 518, 520 (N.D. Iowa 2011). Thus, my statement of the standards here will be brief. If a defendant "'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a)," the entry of a default under Rule 55(a) "must precede" the grant of a default judgment under Rule 55(b). *Id*. (citations omitted). In other words, Rule 55 requires two sequential steps before entry of a default judgment: "first, pursuant to [Rule] 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to [Rule] 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Id*. (internal quotation marks and citation omitted).

As a matter of law, West has not sought nor obtained the entry of the defendants' default by the Clerk of Court, *see id.*; FED. R. CIV. P. 55(a), nor could he, where the defendants actually filed a timely Answer after proper service of West's Complaint. Thus, West has not satisfied the first of the two steps toward obtaining a default judgment, and, as a matter of undisputed fact and law, there is no basis for entry of either default or default judgment, where the defendants filed a timely Answer. *See Anderson*, 477 U.S. at 248; *Togerson*, 643 F.3d at 1042; *Cremona*, 433 F.3d at 620; FED. R. CIV. P. 56.

THEREFORE, West's August 14, 2015, *pro se* Motion For Summary Judgment (docket no. 10) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 14th day of September, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA