# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| CORY BLAKE WEST,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC., RICK LIPAI, RICARDO PEREZ,<br><br>　　　　Defendants. | No. C15-4052-MWB<br><br><br>**ORDER** |

　　　　Plaintiff has filed a motion (Doc. No. 19) to produce documents. He states that he served a document production subpoena on defendant Tyson Foods, Inc. (Tyson), demanding the production of documents by September 15, 2015. He also states that Tyson has objected to the subpoena and has not provided the requested documents. He seeks entry of an order compelling Tyson to produce the records described in the subpoena.

　　　　The docket does reflect that plaintiff requested the service of a subpoena on Tyson and that the subpoena was issued by the Clerk on September 4, 2015. Doc. No. 13 at 2. However, plaintiff's motion has several flaws. First, a subpoena is not the appropriate method for one party to a lawsuit to request documents from another party. Instead, when one party seeks documents from another party, the requesting party should serve (but not file) a request for production of documents on the other party pursuant to Federal Rule of Civil Procedure 34. The party from whom discovery is sought then has 30 days to respond. *See* Fed. R. Civ. P. 34(b)(2). As such, if plaintiff wants to request documents from Tyson, he can simply mail a list of requested documents to Tyson's attorney of record and await a response in 30 days. Plaintiff may not attempt to

circumvent Rule 34 by serving a subpoena on Tyson and demanding a response in less than 30 days. Subpoenas are used to request documents from non-parties, not parties.

Second, no party may engage in discovery before the parties have participated in a discovery conference. *See* Fed. R. Civ. P. 26(d). If a discovery conference has not yet occurred, as described in Federal Rule of Civil Procedure 26(f), then plaintiff is not entitled to demand the production of any documents from Tyson at this time.

Third, any motion seeking to enforce a subpoena or other discovery request must include copies of the request and the response. *See* N.D. Ia. L.R. 37(b). Plaintiff's motion does not comply with this requirement. While the subpoena at issue is already part of the court's file, plaintiff did not supply a copy of Tyson's objection (which, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), was not filed).

For all of these reasons, plaintiff's motion (Doc. No. 19) is **denied**. Plaintiff is directed to study this order carefully, and to review all of the rules referred to in this order, before filing any additional motions concerning discovery.

**IT IS SO ORDERED.**

**DATED** this 18th day of September, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE